UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,

    Plaintiffs,

v.

RAMCO MASONRY, INC.,

    Defendant.

2:06-CV-00347-LRH-VPC

ORDER

Presently before the court is an Application for Default Judgment (# 11) filed by Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. The court clerk entered default against Defendant, Ramco Masonry, Inc. ("Ramco"), on September 27, 2006.

This action arises out of Ramco's alleged failure to "make its books and records available [to Plaintiffs] for a contract compliance review." (Compl. (# 1) ¶¶ 5-6.) Due to Ramco's failure to defend this action, the factual allegations of the complaint, with the exception of those relating to the amount of damages, are taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1 (1944)). However, an entry of default does

not automatically establish that the defaulting party is liable for damages. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The factual allegations of the complaint must be sufficient to support a judgment against the defaulting party. *Id.*

Plaintiffs' complaint does not allege facts or pray for the relief sought in Plaintiffs' present application. The complaint alleges that Ramco is a signatory to labor and trust agreements, that it is obligated by those agreements to make its books and records available, and that it has failed to do so. (Compl. (# 1) ¶¶ 4-6.) Plaintiffs' complaint requests "an order compelling Defendant Ramco to make its books and records available for the purposes of conducting a contract compliance audit." (Compl. (# 1) at 3.) It also requests costs, prejudgment interest, and other relief that the court deems proper. *Id.*

However, Plaintiffs' application for default judgment alleges facts far beyond those alleged in the complaint, and requests relief wholly different than that prayed for in their complaint. Plaintiffs' application alleges that Ramco failed to pay all employee benefit contributions due for those months between January, 2005, through April, 2006. (Application for Default J. (# 11) at 3.) Plaintiffs also alleges that Ramco violated the Master Labor Agreement, the Trust Agreements, and Employee Retirement Income Security Act § 515, 29 U.S.C. § 1145, and seeks damages totaling $109,447.2 pursuant to 29 U.S.C § 1132(g)(2). *Id.* at 3. Again, the complaint makes no such factual allegations and requests no such relief.

Taking the facts alleged in the complaint as true, Plaintiffs have not demonstrated that they are entitled to the relief sought in their application for default judgment.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

2

IT IS THEREFORE ORDERED that Plaintiffs' Application for Default Judgment is hereby DENIED.

IT IS SO ORDERED.

DATED this 2nd day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3